**FILED**

**FEBRUARY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**08 C 1145**

| | |
|---|---|
| ALTROY MATTHEW, <br> individually and on behalf of a class, <br><br> Plaintiff, <br><br> v. <br><br> WINSTON PLAZA LOT STORES, INC., <br> FAMILY PLACE MANAGEMENT, INC., <br> and DOES 1-10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE COX**

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Altroy Matthew brings this action to secure redress for the violation by Winston Plaza Lot Stores, Inc., and Family Place Management, Inc., of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.    One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

**No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

3.    Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal., Apr. 5, 2007).

4.    The purpose of this "truncation requirement" is to prevent identity theft. The

1

Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5.      One common *modus operandi* of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This *modus operandi* is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 8, 2005, p. B1.

6.      On information and belief, it is possible for sophisticated identity thieves to replicate a credit card number using the expiration date and the last four digits of the card number.

7.      The expiration date is essential to misuse of the card number.

8.      Merchants generally will not honor a credit card in a card-not-present transaction (telephone or Internet or fax) without both the correct expiration date and the card number. Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

9.      To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

10.      The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

11.      Defendants have willfully violated this law and failed to protect plaintiff and

2

others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

12.    Plaintiff brings this action against defendants based on defendants' violation of 15 U.S.C. §§1681 *et seq.*   Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p (FCRA).

14.    Venue in this district is proper because defendants Winston Plaza Lot Stores, Inc., and Family Place Management, Inc. do business here.

## PARTIES

15.    Plaintiff, Altroy Matthew, is a resident of this district.

16.    Defendant Winston Plaza Lot Stores, Inc., is an Illinois corporation which formally conducted business at 1030 Winston Plaza, Melrose Park, IL 60160.  Its registered agent is Jeffrey S. Dweck, 1250 South River Road, Suite C, Cranbury, NJ 08512.

17.    Defendant Family Place Management, Inc. is a New Jersey corporation with its principal place of business at 1250 South River Road, Suite C, Cranbury, NJ 08512.  Its registered agent and office are Scott Dweck, 1250 South River Road, Suite C, Cranbury, NJ 08512.

18.    Defendants Winston Plaza Lot Stores, Inc., and Family Place Management, Inc. are each a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

19.    Defendants Does 1-10 are individual officers, directors, employees and

3

agents of defendants Winston Plaza Lot Stores, Inc., and Family Place Management, Inc. who authorized, directed or participated in the violations of law complained of.

## FACTS

20.    On January 23, 2008, plaintiff received from The Family Place at its establishment located at 1030 Winston Plaza, Melrose Park, IL 60160, computer-generated cash register receipts which displayed the expiration date of plaintiff's MasterCard credit card.

## CLASS ALLEGATIONS

21.    Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

22.    The class is defined as all persons to whom Winston Plaza Lot Stores, Inc., and Family Place Management, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

23.    The class is so numerous that joinder of all individual members in one action would be impracticable.

24.    There are over 100 persons to whom Winston Plaza Lot Stores, Inc., and Family Place Management, Inc. provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displays (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card or (c) both.

25.    Plaintiff's claims are typical of the claims of the class members.  All are

4

based on the same legal theories and arise from the same unlawful and willful conduct.

26.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

a.     Whether defendants had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

b.     Whether defendants thereby violated FACTA;

c.     Whether defendants' conduct was willful;

d.     Identification and involvement of the Doe defendants.

27.     Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

28.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

29.     Defendants violated 15 U.S.C. §1681c(g)(1), which provides that:

**. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

30.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

31.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

32.    Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members.  In transacting such business, defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

33.    After the effective date of the statute, defendants, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendants failed to comply with the truncation requirement.

34.    FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

35.    On information and belief, defendants knew of the truncation requirement.

36.    On information and belief, Visa, MasterCard, the PCI Security Standards Council (a consortium founded by Visa, MasterCard, Discover, American Express and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendants' need to comply with the same.

37.    The requirement was widely publicized among retailers.

38.    For example, in response to earlier state legislation enacting similar

6

truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.... The first phase of this new policy goes into effect July 1, 2003 for all new terminals...." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

39.    Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

40.    The card-issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

41.    For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. Visa required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

42.    On information and belief, defendants accept Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

43.    Most of defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming

their card machines and devices to comply with the truncation requirement.   Defendants could have readily done the same.

44.    Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

45.    The FCRA, 15 U.S.C. §1681n, provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**
>
> > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or**
> >
> > **(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

46.    The FCRA, 15 U.S.C. §1681p, provides:

**§ 1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**

> **(1) 2 years after the date of discovery by the plaintiff of the violation that is the**

basis for such liability; or

(2) **5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants as follows:

a.    For statutory damages of $100 to $1,000 per violation;

b.    For attorney's fees, litigation expenses and costs;

c.    For such other and further relief as the Court may deem proper, including punitive damages.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

9

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)