# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALTROY MATTHEW,<br>individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 1145 |
| v. | ) ) | Judge Castillo<br>Magistrate Judge Cox |
| WINSTON PLAZA LOT STORES, INC.,<br>FAMILY PLACE MANAGEMENT, INC.,<br>and DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746), that the following statements are true:

1.    Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, and Michelle R. Teggelaar and 9 associates.

2.    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Payday Loans:  Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection:  The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing:  Problems and Solutions, 7 Loy.Consumer

1

L.Rptr. 14 (1994); author of <u>Current Trends in Residential Mortgage Litigation,</u> 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of <u>Applicability of Illinois Consumer Fraud Act in Favor of Out-of-State Consumers,</u> 8 Loy.Consumer L.Rptr. 27 (1996); co-author of <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, <u>Attorney Liability Under the Fair Debt Collection Practices Act</u> (Chicago Bar Ass'n 1996); author of <u>The Fair Debt Collection Practices Act:  Recent Developments,</u> 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994).   He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Court for the District of Arizona, United States District Court for the District of Connecticut, and the Supreme Court of Illinois.  He is a member of the Northern District of Illinois trial bar.

      **3.**     **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School.  She formerly supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law.  She joined what is now Edelman, Combs & Latturner in early 1991.  Decisions in which she was involved prior to joining the firm include:  <u>Johnson v. Heckler,</u> 607 F.Supp. 875 (N.D.Ill. 1984), and 100 F.R.D. 70 (N.D. Ill. 1983); <u>Sanders v. Shephard,</u> 185 Ill.App.3d 719, 541 N.E.2d 1150 (1st Dist. 1989); <u>Maller v. Cohen,</u> 176 Ill.App.3d 987, 531 N.E.2d 1029 (1st Dist. 1988); <u>Wright v. Department of Labor,</u> 166 Ill.App.3d 438, 519 N.E.2d 1054 (1st Dist. 1988); <u>Barron v. Ward,</u> 165 Ill.App.3d 653, 517 N.E.2d 591 (1st Dist. 1987); <u>City of Chicago v. Leviton,</u> 137 Ill.App.3d 126, 484 N.E.2d 438 (1st Dist. 1985); <u>Jude v. Morrissey,</u> 117 Ill.App.3d 782, 454 N.E.2d 24 (1st Dist. 1983).  She is a member of the Northern District of Illinois trial bar.

      **4.**     **James O. Latturner** is a 1962 graduate of the University of Chicago Law School.  Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma.  From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions.  His publications include Chapter 8 ("Defendants") in <u>Federal Practice Manual for Legal Services Attorneys</u> (M. Masinter, Ed., National Legal Aid and Defender Association 1989); <u>Governmental Tort Immunity in Illinois,</u> 55 Ill.B.J. 29 (1966); <u>Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations,</u> 2 Loy.Consumer L.Rep. 64 (1990), and <u>Illinois Consumer Law</u> (Chicago Bar Ass'n 1996).  He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience.  He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme

Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). She has been with the firm since her graduation and has participated in many of the cases described below. **Reported Cases.** Williams v. Chartwell Financial Services, LTD, 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 682 N.E.2d 101 (Ill.1st Dist. 1997), 720 N.E.2d 287 (Ill.1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002);; Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.Ill. 2002); Garcia v. Village of Bensenville, 2002 U.S.Dist. LEXIS 3803 (N.D.Ill.); Romaker v. Crossland Mtg. Co., 1996 U.S.Dist. LEXIS 6490 (N.D.IL); Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). She is a member of the Northern District of Illinois trial bar.

6.    **Michelle R. Teggelaar** is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); ; Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D. Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D. Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D. Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D. Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D. Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D. Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D. Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D. Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D. Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D. Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D. Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D. Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D. Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D. Ill. 2003); Seidat v. Allied Interstate, Inc., 2003 WL 2146825 (N.D. Ill. 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 2002 WL 112905 (N.D. Ill. 2002); Bigalke v. Creditrust Corp., 2001 WL 1098047 (N.D. Ill 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 2000 WL 1161076 (N.D. Ill. 2000); Mitchem v. Paycheck Advance Express, 2000 WL 419992 (N.D. Ill 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D. Ill. 1999); Farley v. Diversified Collection Serv., 1999 WL 965496 (N.D. Ill. 1999); Davis v. Commercial Check Control, 1999 WL 965496 (N.D. Ill. 1999); Sledge v. Sands, 1999 WL 261745 (N.D. Ill. 1999); Slater v. Credit Sciences, Inc., 1998 WL 341631 (N.D. Ill. 1998); Slater v. Credit Sciences, Inc., 1998 WL 299803 (N.D. Ill. 1998).

7.    **Associates**

      **a.**    **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). **Reported Cases:** Johnson v. Thomas, 342 Ill. App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Jolly v. Shapiro & Kreisman, 237 F. Supp. 2d 888 (N.D. Ill. 2002); Parker v. 1-800 Bar None, a Financial Corp., Inc. 2002 WL 215530 (N.D. Ill. 2002); Jiang v. Allstate Ins. Co. (199 F.R.D. 267); Hill v. AMOCO Oil Co. 2003 WL 262424, 2001 WL 293628 (N.D. Ill. 2003); Roquet v. Arthur Anderson LLP 2002 WL 1900768 (N.D. Ill. 2002); White v. Financial Credit, Corp. 2001 WL 1665386 (N.D. Ill.); Ransom v. Gurnee Volkswagen 2001 WL 1241297 (N.D. Ill. 2001) and 2002 WL 449703 (N.D. Ill 2002); Doxie v. Impac Funding Corp. 2002 WL 31045387 (N.D. Ill. 2002); Levin v. Kluever & Platt LLC 2003 WL 22757763 and 2003 WL 22757764 (N.D. Ill. 2003); Pleasant v. Risk Management Alternatives 2003 WL 22175390 (N.D. Ill. 2003); Jenkins v. Mercantile Mortgage 231 F. Supp. 2d 737 (N.D. Ill. 2002); Hobson v. Lincoln Ins. Agency, Inc. 2001 WL 55528, 2001 WL 648958 (N.D. Ill. 2001), Anderson v. Lincoln Ins. Agency 2003 WL 291928, Hobson v. Lincoln Ins. Agency 2003 WL 338161 (N.D. Ill. 2003); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7th Cir. 2006). He is a member of the Northern District of Illinois trial bar.

      **b.**    **Julie Clark** (nee Cobolovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank 219 F.Supp.2d 935 (N.D.Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens 2002 WL 31369747 (N.D.Ill.,2002), 2003 WL 22359626 (N.D. Ill. 2003); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 2007 U.S. Dist. LEXIS 84425 (N.D. Ill. Nov. 14, 2007); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., No. 1-07-0684, 2007 Ill. App. LEXIS 1194 (Ill. App. 1st Dist. Nov. 13, 2007).

      **c.**    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 2004 U.S. Dist. LEXIS 28324 (D.S.C. Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 2006 U.S. Dist. LEXIS 80718 (S.D. Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2006 U.S. Dist. LEXIS 84035 (N.D. Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. Sept. 26, 2007).

      **d.**    **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D. Ill. 2006); Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D. Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F.Supp.2d 776 (N.D. Ill. 2007).

      **e.**    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F.Supp.2d 983 (N.D. Ill. 2007); Hernandez v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. Sept. 25, 2007); Balogun v.

Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. Oct. 5, 2007).

       **f.**    **Tiffany N. Hardy** (admitted NY, DC, and IL) is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001).

       **g.**    **Zachary A. Jacobs** is a graduate of the University of South Dakota (B.S. 2002) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D. 2007).

       **h.**    **Rupali R. Shah** is a graduate of the University of Chicago (B.A. 2004) and University of Illinois (J.D. *cum laude* 2007).

       **i.**    **Michael J. Aschenbrener** is a graduate of the University of Minnesota (B.A. 2001) and the Chicago-Kent College of Law, Illinois Institute of Technology (J.D. May 2007).

       **8.**    The firm also has 15 legal assistants, as well as other support staff.

       **9.**    Since its inception, the firm has recovered more than $500 million for consumers.

       **10.**    The types of cases handled by the firm are illustrated by the following:

       **11.**    **Mortgage charges and servicing practices:**  The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices.  These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation.  Decisions in the firm's mortgage cases include: Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001);  Williamson v. Advanta Mortg. Corp., 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. 1991), and 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 1991 U.S.Dist. LEXIS 19643 (N.D.Ill., Dec. 23, 1991), later opinion, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. 1993); Robinson v. Empire of America Realty Credit Corp., 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 8, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill.,

May 1, 1995).

      **12.**    The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

      **13.**    The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

      **14.**    **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065, (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 99-2291 (1st Cir., October 27, 2000).

      **15.**    **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

      **a.**    Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927, 1998 U.S. App. LEXIS 22663 (7th Cir. 1998).

      **b.**    Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 1998 U.S.App. LEXIS 16434 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 5, 1995); Cirone-Shadow v. Union Nissan, Inc., 1995 U.S.Dist. LEXIS 1379 (N.D.Ill., Feb. 3, 1995), later opinion, 1995 U.S.Dist. LEXIS 5232 (N.D.Ill., April 20, 1995) (same); Chandler v. Southwest Jeep-Eagle, Inc., 1995 U.S. Dist. LEXIS 8212 (N.D.Ill., June 8, 1995); Shields v. Lefta, Inc., 1995 U.S.Dist. LEXIS 7807 (N.D.Ill., June 5, 1995).

      **c.**    Spot delivery. Janikowski v. Lynch Ford, Inc., 1999 U.S. Dist. LEXIS 3524 (N.D.Ill., March 11, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

      **d.**    Force placed insurance. Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill., 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

**e.** Improper obligation of cosigners. <u>Lee v. Nationwide Cassell</u>, 174 Ill.2d 540, 675 N.E.2d 599 (1996); <u>Taylor v. Trans Acceptance Corp.</u>, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995).

**f.** Evasion of FTC holder rule. <u>Brown v. LaSalle Northwest Nat'l Bank</u>, 148 F.R.D. 584 (N.D.Ill. 1993), 820 F.Supp. 1078 (N.D.Ill. 1993), and 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

**16.** These cases also had a substantial effect on industry practices. The warranty cases, such as <u>Grimaldi</u>, <u>Gibson</u>, <u>Slawson</u>, <u>Cirone-Shadow</u>, <u>Chandler</u>, and <u>Shields</u>, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

**17.    Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, mostly as class actions. <u>Livingston v. Fast Cash USA, Inc.</u>, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); <u>Williams v. Chartwell Fin. Servs.</u>, 204 F.3d 748 (7th Cir. 2000); <u>Parker v. 1-800 Bar None, a Financial Corp., Inc.</u>, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb 12, 2002); <u>Gilkey v. Central Clearing Co.</u>, 202 F.R.D. 515 (E.D.Mich. 2001); <u>Van Jackson v. Check 'N Go of Ill., Inc.</u>, 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); <u>Henry v. Cash Today, Inc.</u>, 199 F.R.D. 566 (S.D.Tex. 2000); <u>Donnelly v. Illini Cash Advance, Inc.</u>, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); <u>Jones v. Kunin</u>, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); <u>Davis v. Cash for Payday</u>, 193 F.R.D. 518 (N.D.Ill. 2000); <u>Reese v. Hammer Fin. Corp.</u>, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); <u>Pinkett v. Moolah Loan Co.</u>, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); <u>Gutierrez v. Devon Fin. Servs.</u>, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); <u>Vance v. National Benefit Ass'n</u>, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

**18.    Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

**a.** Phony nonfiling insurance. <u>Edwards v. Your Credit Inc.</u>, 148 F.3d 427, 1998 U.S. App. LEXIS 16818 (5th Cir. 1998); <u>Adams v. Plaza Finance Co.</u>, 1999 U.S. App. LEXIS 1052 (7th Cir., January 27, 1999); <u>Johnson v. Aronson Furniture Co.</u>, 1997 U.S. Dist. LEXIS 3979 (N.D. Ill., March 31, 1997).

**b.** The McCarran Ferguson Act exemption. <u>Autry v. Northwest Premium Services, Inc.</u>, 144 F.3d 1037, 1998 U.S. App. LEXIS 9564 (7th Cir. 1998).

**c.**     Loan flipping.  Emery v. American General, 71 F.3d 1343 (7th Cir. 1995).  Emery limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

**d.**     Home improvement financing practices.  Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria,  690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).  Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

**e.**     Arbitration clauses.  Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

**f.**     Insurance packing.  Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

**19.**     **Automobile leases:**  The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions.  Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992).  Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

**20.**     Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act.  As a result of the Lundquist case, the Federal

8

Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

21.    **Collection practices:**  The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual.  Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); Johnson v. Revenue Management Corp., 169 F.3d 1057, 1999 U.S. App. LEXIS 3142 (7th Cir. 1999); Keele v. Wexler & Wexler, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. 1995) (merits), aff'd, 149 F.3d 589, 1998 U.S.App. LEXIS 15029 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338, 1997 U.S.App. LEXIS 5000 (7th Cir., Mar. 17, 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 1998 U.S.App. LEXIS 16112 (2d Cir. 1998); Young v. Citicorp Retail Services, Inc., 1998 U.S.App. LEXIS 20268 (2d Cir. 1998); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 1997 U.S. App. LEXIS 16786 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 1995 U.S.Dist. LEXIS 461 (N.D.Ill., Jan. 10, 1995), later opinion, 1995 U.S.Dist. LEXIS 1502 (N.D.Ill., Feb. 6, 1995), later opinion, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995);  Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 4, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866 (N.D.Ill., April 15, 1994); Laws v. Cheslock, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999);Davis v. Commercial Check Control, Inc., 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 14, 1994); Taylor v. Fink, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995). Settlements in such cases include Boddie v. Meyer, 93 C 2975 (N.D.Ill.); and Cramer v. First of America Bank Corporation, 93 C 3189 (N.D.Ill.).

22.    Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  I argued it before the Supreme Court and Seventh Circuit.  Avila v. Rubin is a leading decision on phony "attorney letters."

23.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, primarily as class actions.  One line of cases alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.   Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D. Ill. 2006); Murray v. GMAC Mortgage Corp., 05 C 1229, _____ F.Supp.2d _____, 2007 U.S. Dist. LEXIS 26726 (N.D.Ill. April 10, 2007); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007

U.S. Dist. LEXIS 27491 (N.D.Ind.,  April 12, 2007); In re Ocean Bank, 06  C 3515, 2007 U.S. Dist. LEXIS 28973 (N.D.Ill., March 16, 2007), later opinion, 2007 U.S. Dist. LEXIS 29443 (N.D. Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81103 (N.D. Ill., Nov. 2, 2006); Thomas v. Capital One Auto Finance, Inc., 2006 U.S. Dist. LEXIS 81358 (N.D. Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 2006 U.S. Dist. LEXIS 62157 (N.D. Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 2006 U.S. Dist. LEXIS 53945 (N.D. Ill., July 19, 2006); Bonner v. Home 123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind., May 25, 2006); Murray v. Sunrise Chevrolet , Inc., 2006 U.S. Dist. LEXIS 19626 (N.D. Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 2006 U.S. Dist. LEXIS 7349 (N.D. Ill., Jan 5, 2006).  More than 15 such cases have been settled on a classwide basis.

   24.   **Class action procedure:**  Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

   25.   **Landlord-tenant:**  The firm has brought a number of class actions against landlords for failing to pay interest on security deposits or commingling security deposits.

   26.   Some of the other reported decisions in our cases include:  Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 Bankr. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 1993 U.S.Dist. LEXIS 354 (N.D.Ill. 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 1992 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994).

   27.   Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

   28.   The majority of our practice is contingent fee litigation on the plaintiff's side. We I regularly represent plaintiffs in contingent fee cases in Federal Court in Illinois and Indiana, and in  Illinois state courts.  We frequently work with other plaintiff's lawyers who handle cases on a contingent fee basis.  We are generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

**29.**    The hourly rates for the attorneys set forth below,  are the same as the regular current rates charged for their services in other contingent matters in class action litigation.  They are also consistent with fees charged to occasional paying clients.  The firm adjusts them annually to account for inflation and increasing experience  and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area. The rates listed and used in this case represent rates previously approved in a number of cases plus an annual adjustment.

**30.**    Examples of the approval of counsel's rates include:

**a.**    Rates of $550 for Daniel A. Edelman, James O. Latturner and Cathleen M. Combs, $400 for Michelle R. Teggelaar, and $250 for former associate Jeremy P. Monteiro were approved in Bruce v. Wells Fargo Bank, 2:05cv243 (N.D.Ind.), on October 18, 2007.

**b.**    Rates of $385 for Daniel A. Edelman, Cathleen M. Combs and James O. Latturner, $190 for Thomas Soule, and $100-$105 for legal assistants  were approved in Smith v. American Revenue Corp., 2:04-cv-199-PRC (N.D.Ind., Oct. 24, 2005).

**c.**    Rates of $425 for James O. Latturner, $190/ hour for Alex Burke were approved in Schulz v. Oxford Management, 05 C 3133 (N.D.Ill., Oct. 21, 2005), by Judge Leinenweber.  His order is attached as Appendix A.

**d.**    Rates of $400/hour for Daniel A. Edelman, Cathleen M. Combs and  James O. Latturner, a rate of $335/hour for Tara L. Goodwin, and a rate of $190/hour for Francis R. Greene, were approved by Judge Darrah in Levin v. Kluever & Platt LLC, No. 03 C 2160 (N.D.Ill September 15, 2004)(Darrah, J.).  A transcript is attached as Appendix B.

**e.**    Rates of $370/hour for Daniel A. Edelman and James O. Latturner, and a rate of $210/hour for Michelle R. Teggelaar, were approved by Judge Holderman in Payton v. New Century Mortgage Co., 2004 WL 524693 (N.D. Ill. 2004).

**f.**    Rates of $360/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $310 for Tara L. Goodwin, and a rate of $200 for Michelle R. Teggelaar, were approved by Judge Lefkow in Johnson v. Fast Cash Advance, Inc., No. 00 C 1875 (United States District Court, Northern District of Illinois, February 25, 2003).

**g.**    Rates of $350/hour for Daniel A. Edelman, Cathleen M. Combs, and James O. Latturner, a rate of $300/hour for Tara L. Goodwin, and a rate of $200/hour for Michelle R. Teggelaar and Keith J. Keogh, were approved by Judge Billik in Rentas v. Vacation Break U.S.A., No. 98 CH 02782 (Circuit Court of Cook County, May 9, 2002).

**h.**    Rates of $300/hour were approved by Judge Kennelly for Daniel A. Edelman and James O. Latturner, and a rate of $275/hour for Cathleen M. Combs in Hobson v. Lincoln Insurance Agency, Inc., 2002 WL 338161 (N.D. Ill. 2002). Judge Kennelly also approved rates of $150/hour for associates James S. Harkness and Charles H. Lee and $135/hour for associate Francis R. Greene.

**i.**    Rates of $275 were approved by the Seventh Circuit Court of Appeals in Tolentino v. Friedman, 46 F.3d 645 (1995) for Mr. Edelman.

**j.**    Rates of $330 for Mr. Edelman and $170 for Charles H. Lee were approved in Clay v. Johnson, 97 C 6007 (N.D.Ill.), for work done in 1997-1999.

**k.**    $330/ hour for Mr. Edelman and Mr. Latturner were approved by Judge Boharic in Johnson v. Thomas, 97 CH 10793 (Cir. Ct. Cook Co., April 24, 2001), a mortgage foreclosure action in which the borrower successfully prosecuted a Truth in Lending counterclaim through trial and rescinded the mortgage.

**l.**    Rates were approved in Avila v. Van Ru Credit Corp., 1995 U.S. Dist. LEXIS 17117 (N.D.Ill., Nov. 14, 1995), aff'd, 84 F.3d 222 (7th Cir. 1996), as follows: Daniel A. Edelman, $275.00; Cathleen M. Combs, $235.00; James O. Latturner, $275.00.

**m.**    Edelman, Combs & Latturner was paid in excess of $25,000 by an estate in connection with a usury case using the same rates as were approved in Avila. Stob v. F.G.L.M. Enterprises, 91 L 17357 (Cir.Ct. of Cook County). All of our bills were reviewed by principal counsel for the estate, who hired us, and found unobjectionable.

**31.**    In determining the rates charged by the firm charges and requests, Counsel consults surveys of rates charged by other Chicago law firms. Such surveys have been relied upon by courts in awarding fees. E.g., FDIC v. Morris, 1992 U.S. Dist. LEXIS 9439 (N.D. Ill., June 29, 1992); Alliance to End Repression v. City of Chicago, 1993 U.S. Dist. LEXIS 1972 (N.D. Ill., Feb. 22, 1993).

**32.**    I am reasonably confident that the rates are accurate, based on my personal knowledge of large firm rates when I was at Kirkland & Ellis and Reuben & Proctor, my general awareness of rates in the legal community, court awards, negotiations with defendants, and discussions with other attorneys.

**33.**    The rates we used are also consistent with fee awards by courts in this or other comparable areas for comparable work:

**a.**    For example, in Covington v. District of Columbia, 839 F. Supp. 894 (D.D.C., December 13, 1993), Judge Lamberth found, on the basis of court-approved surveys of rates in the Washington, D.C., area, that it was appropriate to award $260 per hour to

attorneys with between 11 and 19 years experience for the time period 1992-93.  He further found that it was appropriate to have an annual increment of $10 per year or, alternatively, to multiply by 103.4% in accordance with the Consumer Price Index (the result is approximately the same).  He also noted that it had been relied upon by six other District Judges in the District of Columbia and the Court of Appeals for the District of Columbia Circuit.  Judge Lamberth awarded current rates for all work done in the past, in lieu of making the award at the then-current rate and awarding interest on it.

       **b.**     The figures used in the <u>Covington</u> case have been updated each year by the office of the U. S. Attorney for the District of Columbia.  The updated figures (through 2007) are in the chart attached as <u>Appendix C</u>, available on the Internet site of the U. S Attorney's office ("Laffey Matrix", after <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F.Supp. 354 (D.D.C. 1983)).

       **c.**     The use of the Laffey Matrix has been either expressly or implicitly approved by the courts in the Northern District and within the Seventh Circuit, at a minimum as a guide for adjusting attorney fee rates based on experience and cost of living increases.  See <u>Arch v. Glendale Nissan</u>, 2005 WL 1421140, *1 (N.D. Ill. 2005); <u>Samuel v. Barnhart</u>, 316 F.Supp.2d 768, 781-82 (E.D. Wis. 2004); <u>Sadler v. Barnhart</u>, 2004 WL 419908, *3 (N.D. Ill. 2004); <u>Covington-McIntosh v. Mount Glenwood Memory Gardens South, Inc.</u>, 2004 WL 2700482, *4 (N.D. Ill. 2004); <u>Embry v. Barnhart</u>, 2003 WL 22478769, *2 (N.D. Ill. 2003). See also <u>In re HPL Technologies, Inc. Securities Litigation</u>, 366 F.Supp.2d 912, 921 (N.D. Call. 2005) (adjusting the Laffey Matrix rates higher, to account for a higher cost of living in the San Francisco Bay area).

       **d.**     The last case is instructive insofar it shows that the Laffey Matrix is applicable to the Chicago area. As explained in <u>HPL Technologies</u>, one must compare market rates to comparable market rates. The issue becomes, whether market rates in the D.C. area, which, in part, are based on the cost of living, are comparable to the market rates in Chicago. Based on the locality pay differentials within the federal courts, which may be found at http://www.opm.gov/oca/05tables/indexGS.asp (Office of Personnel Management webpage), the court in <u>HPL Technologies</u> increased the rates for the San Francisco by 9%, because the locality pay differentials were +15.98% for the Washington-Baltimore area, and +26.39% for the San Francisco-Oakland-San Jose area.

       **e.**     The locality pay differential for Chicago is +21.79%, versus +18.59% for the D.C. area. See **Appendices D and E** (relevant pages from the Office of Personnel Management locality pay differentials). Thus, to account for a higher cost of living in Chicago, as compared to Washington, D.C., the Laffey Matrix rates should be adjusted upward 3.2%.

       **f.**     In <u>Alliance to End Repression v. City of Chicago</u>, 1993 U.S.Dist. LEXIS 1972 (N.D.Ill., Feb. 22, 1993), then-Magistrate Judge Gottschall approved rates for experienced litigators in a civil rights case of $225 in 1991 and $250 in 1992.

**g.** In <u>Lewis v. General Employment Enterprises, Inc.</u>, 1992 U.S.Dist. LEXIS 5464 (N.D.Ill., April 14, 1992), Judge Rovner approved rates for experienced litigators of $195, $200 and $300 for work done in 1991-92, in a case that was "not particularly difficult or risky".

**h.** In <u>Spicer v. Chicago Board Options Exchange</u>, 844 F.Supp. 122 (N.D.Ill. 1993), Judge Will found appropriate rates of $275 and $240 to the partners in a small firm with a practice somewhat comparable to our own, $100-120 for junior associates, $140 and $150 for associates with some experience, and $65 and $70 for legal assistants.

**34.** The usual rates which I and the others in my firm charge fee-paying clients are as follows:

**a.** Daniel Edelman, Cathleen Combs, and James Latturner (partners): $550 an hour;

**b.** Tara Goodwin (partner): $450 an hour;

**c.** Michelle R. Teggelaar (partner): $400 an hour;

**d.** Associates: $190-280 an hour (based on experience); and

**e.** Paralegals: $100-$120 an hour (based upon experience).

**35.** All attorneys and legal assistants in my firm are required to and do in fact keep track of their time on a contemporaneous basis, on computer. Everyone enters their time into a computer program, by case number. The computer system automatically sorts the entries by case and generates totals. Expenses are entered into the same computer program as they are incurred. The printouts for this case are attached as <u>Appendix F</u>.

_____
Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

14

# APPENDIX A

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 3133 | **DATE** | October 21, 2005 |
| **CASE TITLE** | Daniel Schultz vs. Oxford Mgmt. Servs., Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion for Attorneys' Fees and Costs [14-1] is **granted**.  The Court awards Plaintiff $2427.07, which includes $2108.00 in attorneys' fees and $319.07 in costs.

■[ For further details see text below ]                                Docketing to mail notices

---

| STATEMENT |
|---|

On July 12, 2005, the Court entered judgment in favor of Plaintiff pursuant to Defendant's Rule 68 Offer of Judgment in this Fair Debt Collection Practices Act ("FDCPA") case.  Thereafter, the parties engaged in discussions to determine the amount of Plaintiff's reasonable attorneys' fees and costs.  The discussions broke down over a few discrete points of contention -- such as $9.07 in postage and $40.00 for a process server -- and Plaintiff filed the present Motion for Attorneys' Fees and Costs on August 31, 2005.  The Court gave Defendant until September 28, 20005 to respond to Plaintiff's motion [16-1].  Defendant failed to file a response or other objection.  For the following reasons, Plaintiff's motion is **granted**.

District courts have discretion in determining to what extent prevailing parties may be awarded costs.  *See Weeks v. Samsung Heavy*

## STATEMENT

*Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing 28 U.S.C. §
1920; Fed. R. Civ. P. 54(d)).  Under the FDCPA, a prevailing party is
also entitled to reasonable attorney's fees as part of costs.  *Zagorski
v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1165-66 (7th Cir. 1997)
(citing 15 U.S.C. § 1692k(a)(3); 42 U.S.C. § 1988(b)).  For Plaintiff to
recover its costs, the Court must find that the expenses are reasonable.
*See Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th
Cir. 1995).

        Plaintiff seeks $2108.00 in attorneys' fees and $319.07 in costs.
These fees and costs include the time spent on the case prior to the
Court's entry of judgment and the additional time spent negotiating and
filing the present motion for fees and costs.  The Court finds the
request for fees and costs wholly reasonable in light of Plaintiff's
demonstrated good faith attempts to come to an agreement over the
appropriate amount for fees and costs.  (*See* Mtn., Exhs.)  Plaintiff's
fee request is reasonable both in the time frame and hourly rate, which
was calculated using the accepted "lodestar" method.  (*Id.*, Appx. A).
The costs are reasonable both in content and in scope, which is limited
to only reimbursement requests for the time frame prior to the Court's
entry of judgment.

        Defendant's unwillingness to come to an agreement because of their
objections over postage, process server, and photocopying charges
totaling less than $100.00 is patently unreasonable.  Plaintiff even
offered to cut their photocopying charges by more than half, from $43.54
to $20.00, and informed Defendant that if the parties could not reach an
agreement, then Plaintiff would seek additional fees for time spent on

## STATEMENT

the present motion. (*Id.*, Exh. B). Further, Defendant's suggestion

during the negotiations "that the Court should refuse to award any costs

because the complaint was frivolous" is wholly unwarranted and

contradicts Defendant's Offer of Judgment to pay reasonable fees and

costs. (*Id.* ¶ 9 & Exh. B).

Accordingly, the Court **grants** Plaintiff's motion and awards

Plaintiff $2427.07, which includes $2108.00 in attorneys' fees and

$319.07 in costs (which discounts the photocopying charges by more than

half, from $341.32 to $319.17 total costs).

# APPENDIX B

1

1           IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF ILLINOIS
2                 EASTERN DIVISION

3

4   ALLEN LEVIN,                 ) No. 03 C 2160

5               Plaintiff,   ) Chicago, Illinois
                     ) September 15, 2004
6       v.               ) 9:45 a.m.

7   KLUEVER & PLATT, LLC,     ) Fairness Hearing

8              Defendant.   )

9                        )

10            TRANSCRIPT OF PROCEEDINGS
    BEFORE THE HONORABLE JOHN W. DARRAH
11

12  APPEARANCES:

13  For the Plaintiff:    EDELMAN, COMBS, LATTURNER
                     & GOODWIN, LLC, by
14                       MR. FRANCIS RICHARD GREENE
                     120 South LaSalle Street - 18th Floor
15                       Chicago, Illinois 60603

16  For the Defendant:    HINSHAW & CULBERTSON, by
                     MR. DAVID MATTHEW SCHULTZ
17                       222 North LaSalle Street - Suite 300
                     Chicago, Illinois 60601

18

19      Valarie Harris Ramsey - Official Court Reporter
      219 South Dearborn Street - Room 1212
20            Chicago, Illinois 60604
21              (312) 435-6891

22

23

24

25

1        THE CLERK:  03 C 2160, Levin versus Kluever & Platt.

2        MR. GREENE:  Good morning, Your Honor.  Francis

3 Greene for the plaintiff.

4        THE COURT:  Good morning, Mr. Greene.

5        MR. SCHULTZ:  David Schultz for defendant.

6        THE COURT:  Good morning, Mr. Schultz.

7        I'm sorry for the delay, counsel.

8        I had looked at this.  I reviewed the -- I read the

9 memorandum in support of the settlement agreement.  I looked

10 at the settlement agreement itself.  And you've also attached

11 a proposed order and additional material supporting the prayed

12 for relief as to attorney's fees and the like.

13        The final order I find is fair and reasonable, and I

14 find that the appropriate notice has been provided.  I find

15 that the class is appropriate pursuant to Rule 23.  I will

16 approve the terms and conditions of the settlement agreement,

17 and I find that the agreement was made in good faith and is a

18 fair resolution of the dispute between the parties.

19        Specifically as to the issue of attorney's fees, I

20 find that the amount prayed for, that's $19,500, is fairly

21 supported by the material attached in support of the prayer

22 for fees.  I find that the amount of fees as well as the

23 proposed hourly rate is fair and reasonable and is consistent

24 with a matter of this nature in this community.  And,

25 therefore, I will enter an order of final approval.

1       You've prepared a proposed order and attached it to

2  an exhibit.  Shall I just use this order, or do you have a

3  clean one?

4       MR. GREENE:  There are actually kind of two small

5  points that Your Honor needs to decide and then -- because the

6  final order that I submitted kind of gives two different

7  options.  One issue is we -- under the settlement agreement,

8  Mr. Levin, the plaintiff, is going to get a thousand dollars.

9  We've asked for an additional 500 hundred dollars for his

10  services as a class representative.

11       THE COURT:  I see.  And I'm going to award 1500.

12  I'll award the additional 500.

13       MR. SCHULTZ:  Can I comment to that, Your Honor?

14       THE COURT:  Sure.  Lets hear an argument on $500.  Go

15  ahead.  No, go ahead.

16       MR. SCHULTZ:  Either the class will get 6,000 or will

17  get 5500, so it's taking something from the class, and the

18  statute says that what the court can award is a thousand, 69

19  2K.

20       THE COURT:  Is that right, Mr. Greene, that I don't

21  have the authority to award in excess of a thousand?

22       MR. GREENE:  For his statutory damages.

23       THE COURT:  What's the authority, then, for the

24  additional 500 bucks?

25       MR. GREENE:  The authority is this is just something

1    that's done, I mean.

2             THE COURT:  Then I will amend what I said a moment

3    ago and award one thousand dollars.

4             What's the other difficulty in the order?

5             MR. GREENE:   259 claim forms were received on a

6    timely basis.   There were 21 that were received after the due

7    date, and we're requesting that those 21 claim forms that were

8    received that were untimely be deemed timely and that they --

9             THE COURT:  Any objection to that?

10            MR. SCHULTZ:  No objection.

11            THE COURT:  I think that's fair and will deem the

12   additional 21 claims to be deemed as having been received in a

13   timely fashion.

14            MR. GREENE:  In light of Your Honor's rulings, maybe

15   what I'll do is just bring a revised order later in the day.

16            THE COURT:  Okay.  Thanks.

17            MR. GREENE:  Thank you.

18            MR. SCHULTZ:  Thank you.

19            *    *    *    *    *    *    *

20                    C E R T I F I C A T E

21

22            I hereby certify that the foregoing is a true and

23   correct transcript of the above-entitled matter.

24

25   _____        _____
     Official Court Reporter                    Date

# APPENDIX C



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET NW
WASHINGTON, DC 20530
(202) 514-7566

SEARCH

HOME

U.S. ATTORNEY

ABOUT US

DIVISIONS

COMMUNITY
PROSECUTION

PROGRAMS
FOR YOUTH

VICTIM WITNESS
ASSISTANCE

PARTNERSHIPS

PRESS RELEASES

EMPLOYMENT

ESPAÑOL

CONTACT US

LINKS

SITE MAP

## LAFFEY MATRIX 2003- 2007

| Experience | 03-04 | 04-05 | 05-06 | 06-07 |
|---|---|---|---|---|
| 20+ years | 380 | 390 | 405 | 425 |
| 11-19 years | 335 | 345 | 360 | 375 |
| 8-10 years | 270 | 280 | 290 | 305 |
| 4-7 years | 220 | 225 | 235 | 245 |
| 1-3 years | 180 | 185 | 195 | 205 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 |

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

**Explanatory Notes**

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied,* 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey,* 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey,* 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel,* 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by



the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

**Last Updated on 04/13/2007**

**Department of Justice** | **USAGov** | **USA** | **Privacy Policy** | **PSN** | **PSN Grants** | **www.regulations.gov** | **DOJ/Kids**

# APPENDIX D

## SALARY TABLE 2007-DCB
### INCORPORATING THE 1.70% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 18.59%
### FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-NORTHERN VIRGINIA, DC-MD-PA-VA-WV
(TOTAL INCREASE: 2.64%)

(See http://www.opm.gov/oca/07tables/locdef.asp for definitions of locality pay areas.)

**EFFECTIVE JANUARY 2007**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 19,722 | $ 20,380 | $ 21,037 | $ 21,689 | $ 22,345 | $ 22,730 | $ 23,378 | $ 24,031 | $ 24,057 | $ 24,664 |
| 2 | 22,174 | 22,700 | 23,435 | 24,057 | 24,325 | 25,040 | 25,755 | 26,470 | 27,186 | 27,901 |
| 3 | 24,194 | 25,000 | 25,806 | 26,613 | 27,419 | 28,226 | 29,032 | 29,838 | 30,645 | 31,451 |
| 4 | 27,159 | 28,064 | 28,969 | 29,874 | 30,779 | 31,684 | 32,589 | 33,493 | 34,398 | 35,303 |
| 5 | 30,386 | 31,399 | 32,412 | 33,425 | 34,437 | 35,450 | 36,463 | 37,476 | 38,488 | 39,501 |
| 6 | 33,872 | 35,001 | 36,130 | 37,259 | 38,388 | 39,517 | 40,646 | 41,775 | 42,903 | 44,032 |
| 7 | 37,640 | 38,895 | 40,150 | 41,405 | 42,659 | 43,914 | 45,169 | 46,423 | 47,678 | 48,933 |
| 8 | 41,686 | 43,075 | 44,465 | 45,855 | 47,245 | 48,635 | 50,025 | 51,415 | 52,805 | 54,194 |
| 9 | 46,041 | 47,576 | 49,110 | 50,645 | 52,180 | 53,714 | 55,249 | 56,783 | 58,318 | 59,852 |
| 10 | 50,703 | 52,393 | 54,083 | 55,773 | 57,463 | 59,153 | 60,843 | 62,533 | 64,222 | 65,912 |
| 11 | 55,706 | 57,564 | 59,421 | 61,278 | 63,135 | 64,992 | 66,849 | 68,706 | 70,563 | 72,421 |
| 12 | 66,767 | 68,993 | 71,219 | 73,445 | 75,671 | 77,897 | 80,123 | 82,349 | 84,575 | 86,801 |
| 13 | 79,397 | 82,044 | 84,691 | 87,338 | 89,985 | 92,632 | 95,279 | 97,926 | 100,573 | 103,220 |
| 14 | 93,822 | 96,950 | 100,077 | 103,204 | 106,331 | 109,459 | 112,586 | 115,713 | 118,840 | 121,967 |
| 15 | 110,363 | 114,042 | 117,721 | 121,399 | 125,078 | 128,757 | 132,435 | 136,114 | 139,793 | 143,471 |

# APPENDIX E

## SALARY TABLE 2007-CHI
INCORPORATING THE 1.70% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 21.79%
FOR THE LOCALITY PAY AREA OF CHICAGO-NAPERVILLE-MICHIGAN CITY, IL-IN-WI
(See http://www.opm.gov/oca/07tables/locdef.asp for definitions of locality pay areas.)
(TOTAL INCREASE: 2.24%)

EFFECTIVE JANUARY 2007

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 20,254 | $ 20,930 | $ 21,604 | $ 22,274 | $ 22,948 | $ 23,343 | $ 24,008 | $ 24,680 | $ 24,706 | $ 25,330 |
| 2 | 22,772 | 23,313 | 24,067 | 24,706 | 24,982 | 25,716 | 26,450 | 27,185 | 27,919 | 28,654 |
| 3 | 24,846 | 25,675 | 26,503 | 27,331 | 28,159 | 28,987 | 29,815 | 30,644 | 31,472 | 32,300 |
| 4 | 27,892 | 28,822 | 29,751 | 30,680 | 31,609 | 32,539 | 33,468 | 34,397 | 35,326 | 36,256 |
| 5 | 31,206 | 32,246 | 33,286 | 34,327 | 35,367 | 36,407 | 37,447 | 38,487 | 39,527 | 40,567 |
| 6 | 34,786 | 35,945 | 37,105 | 38,264 | 39,423 | 40,583 | 41,742 | 42,902 | 44,061 | 45,221 |
| 7 | 38,656 | 39,945 | 41,233 | 42,522 | 43,810 | 45,099 | 46,387 | 47,676 | 48,964 | 50,253 |
| 8 | 42,810 | 44,238 | 45,665 | 47,093 | 48,520 | 49,947 | 51,375 | 52,802 | 54,229 | 55,657 |
| 9 | 47,284 | 48,860 | 50,436 | 52,012 | 53,588 | 55,164 | 56,740 | 58,315 | 59,891 | 61,467 |
| 10 | 52,071 | 53,807 | 55,542 | 57,278 | 59,013 | 60,749 | 62,484 | 64,220 | 65,955 | 67,691 |
| 11 | 57,210 | 59,117 | 61,024 | 62,931 | 64,839 | 66,746 | 68,653 | 70,560 | 72,467 | 74,375 |
| 12 | 68,569 | 70,855 | 73,141 | 75,427 | 77,713 | 79,999 | 82,285 | 84,571 | 86,857 | 89,143 |
| 13 | 81,540 | 84,258 | 86,976 | 89,695 | 92,413 | 95,131 | 97,850 | 100,568 | 103,286 | 106,005 |
| 14 | 96,354 | 99,566 | 102,777 | 105,989 | 109,201 | 112,412 | 115,624 | 118,835 | 122,047 | 125,259 |
| 15 | 113,341 | 117,119 | 120,897 | 124,675 | 128,453 | 132,231 | 136,009 | 139,787 | 143,565 | 145,400 * |

* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

# APPENDIX F

Edelman, Combs, Latturner & Goodwin LLC
120 S. LaSalle St, 18th Floor
Chicago, IL 60603-3403

Altroy Matthew                                                      Date:    4/15/2008
2626 East 93rd Street
Unit 1N
Chicago, IL 60617

Regarding:  WINSTON PLAZA LOT STORES, INC. and  FAMILY PLA
Invoice No:   00020

*Services Rendered*

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 1/29/2008 | MRT | review file & complaint/assn to CPM | 0.20 | $400.00 | $80.00 |
| 1/31/2008 | CPM | Rev Complaint for Distribution | 0.20 | $230.00 | $46.00 |
| 1/31/2008 | JOL | work on complaint | 0.20 | $550.00 | $110.00 |
| 1/31/2008 | JD | proofread complaint, entered changes; circulated for client, CPM, partner review | 0.80 | $100.00 | $80.00 |
| 1/31/2008 | JD | drafted cover letter to client w complaint to review and approve, mailed to client | 0.30 | $100.00 | $30.00 |
| 2/04/2008 | JD | prepared intial filing docs - civil cover sheet, appearances, summonses; began draft of Mtn for Class Cert, Memo, Notice | 0.40 | $100.00 | $40.00 |
| 2/04/2008 | JD | research on Ds, email to CPM w info on Ds re: class cert | 0.90 | $100.00 | $90.00 |
| 2/05/2008 | JD | conference w MRT re research on Ds for class cert mtn | 0.10 | $100.00 | $10.00 |
| 2/11/2008 | JD | research on Albert Dweck Distributors for class cert mtn | 0.20 | $100.00 | $20.00 |
| 2/12/2008 | CPM | Research on Class | 0.50 | $230.00 | $115.00 |
| 2/21/2008 | CPM | Disc Complaint w/ ZAJ; Rev Complaint; | 0.30 | $230.00 | $69.00 |

Disc Cmplnt w/ DAE

| 2/25/2008 | CPM | Revisions to Complaint and approval by DAE | 0.10 | $230.00 | $23.00 |
|---|---|---|---|---|---|
| 2/25/2008 | CPM | Email from Clerk re filing | 0.10 | $230.00 | $23.00 |
| 2/25/2008 | MS | e-filed complaint | 0.20 | $100.00 | $20.00 |
| 2/25/2008 | JD | reviewed prep of initial filing docs (appearances, civil cover sheet, summonses) | 0.10 | $100.00 | $10.00 |
| 2/25/2008 | JD | prepared signed/approved complaint to be e-filed; submitted to MRT for filing | 0.10 | $100.00 | $10.00 |
| 2/26/2008 | JD | researched process servers in NJ, call to process server for quote for service of two summonses, submitted check request | 0.20 | $100.00 | $20.00 |
| 2/26/2008 | JD | drafted cover letter to process server w complaint and summonses to serve on Ds, prepared complaint and summonses, mailed to process server | 0.50 | $100.00 | $50.00 |
| 2/27/2008 | JD | drafted cover letter to client re: filed complaint w copy | 0.20 | $100.00 | $20.00 |
| 3/04/2008 | JD | call from client re: case status, updated contact info | 0.10 | $100.00 | $10.00 |
| 3/06/2008 | JD | prepared summons returned executed as to Winston Plaza Lot Stores and Family Place Management for filing | 0.20 | $100.00 | $20.00 |
| 3/06/2008 | JD | e-filed summonses returned executed as to Winston Plaza Lot Stores and Family Place Management | 0.20 | $100.00 | $20.00 |
| 3/06/2008 | JD | docketed Ds' deadline to answer complaint served 3/3/08 by 3/24/08 | 0.10 | $100.00 | $10.00 |
| 3/26/2008 | CPM | Review file for possible insurance contact | 0.10 | $230.00 | $23.00 |
| 3/27/2008 | JD | sent Court Order of 3/25/08 re: default to Ds via Certified Mail | 0.30 | $100.00 | $30.00 |
| 4/14/2008 | CPM | Drafting mtn to enter judgment | 0.50 | $230.00 | $115.00 |

Edelman, Combs, Latturner & Goodwin LLC

Page No.:   3

| 4/15/2008 | CPM | draft mtn for judgment | 0.20 | $230.00 | $46.00 |
| 4/15/2008 | CPM | drafting proposed order | 0.10 | $230.00 | $23.00 |
| 4/15/2008 | CPM | Drafting mtn for judgment and award of damages | 0.50 | $230.00 | $115.00 |

|  |  |  | Total Fees | $1,278.00 |

### *Expenses*

| Start Date | Description | Charges |
|---|---|---|
| 1/31/2008 | Postage | $0.75 |
| 1/31/2008 | Copy | $5.00 |
| 1/31/2008 | Copy | $0.50 |
| 2/25/2008 | Filing Fee | $350.00 |
| 2/26/2008 | Postage | $0.00 |
| 2/26/2008 | Copy | $52.50 |
| 2/26/2008 | Process server fee | $65.00 |
| 2/27/2008 | Postage | $0.00 |
| 2/27/2008 | Copy | $9.50 |
| 2/27/2008 | Copy | $0.25 |
| 3/06/2008 | Copy | $1.00 |
| 3/06/2008 | Copy | $1.50 |
| 3/26/2008 | Copy | $7.25 |

|  | Total Expenses | $493.25 |

|  | Total New Charges | $1,771.25 |

### *Staff Summary*

| Name | Position | Hours | Rate | Fees |
|---|---|---|---|---|
| Cassandra P Miller | Associate | 2.60 | $230.00 | $598.00 |

Edelman, Combs, Latturner & Goodwin LLC
Page No.:    4

| Name | Role | Hrs | Rate | Total |
|---|---|---|---|---|
| Jonathan Daniel | Paralegal | 4.70 | $100.00 | $470.00 |
| James O. Latturner | Partner | 0.20 | $550.00 | $110.00 |
| Michelle R. Teggelaar | Partner | 0.20 | $400.00 | $80.00 |
| Megan Stewart | Paralegal | 0.20 | $100.00 | $20.00 |
| | Tot Hrs: | 7.90 | | |